| | |
|---|---|
| Sarah Shapero (Bar No. 281748)<br>Jessica Adair (Bar No. 348364)<br>SHAPERO LAW FIRM<br>100 Pine St., Ste. 530<br>San Francisco, California 94111<br>Telephone: (415) 273-3504<br>Facsimile: (415) 358-4116<br><br>Attorneys for Plaintiff,<br>AMY HSIAO | |

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY HSIAO, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>DANCO, INC., a California coporation; and Does 1-50, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1.    Violation of Fair Debt Collection Practices Act (FDCPA)<br><br>2.    Violation of Civil Code §1671<br><br>3.    Violation of Business and Professions Code Section 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

1
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## INTRODUCTION

1. This cases arises out of a mortgage transaction and Defendant's bad faith related thereto. While Plaintiff does not dispute She defaulted on the loan, Defendant has been charging over $100,000.00 in unlawful default interest, liquidated damages, and late fees. These inflated charges have weakened the equity in the property, and thereby impeded Plaintiff's ability to bring the loan current. This lawsuit follows.

## JURISDICTION AND VENUE

2. This is an action asserting violations of Federal Law and California State Law. Therefore, this court has subject matter jurisdiction under 28 U.S.C. 1331, or federal question jurisdiction.

3. Defendant is an entity duly licensed to do business in the State of California or regularly conducts business within this judicial district within California.

4. Defendant herein purposefully directed its activities to the State of California. Venue is proper because the subject property is located in ORANGE County.

5. This court has personal jurisdiction over each of the named defendants because each defendant either resides or conducts business in this county.

## PARTIES

6. At all times mentioned herein, Plaintiff AMY HSIAO (hereafter "Plaintiff") was at all times the owner of the property located at 22803 Seaway, Laguna Niguel, Orange County, CA, 92677 (hereafter the "Property").

7. At all times mentioned herein, Plaintiff is informed and believes and thereon alleges that Defendant DANCO, INC. (hereinafter "DANCO") is a stock corporation and the beneficiary and servicer of the loan.

8. Plaintiff is ignorant of the true name and capacities of each Defendant sued herein under the fictitious names DOES 1 through 50, inclusive, and Plaintiff will amend this complaint to allege such names and capacities as soon as they are ascertained. Each of said fictitiously

named Defendants is responsible in some manner for the wrongful acts for which Plaintiff has complained herein.

## STATEMENT OF FACTS

9. Plaintiff is, and at all relevant times herein was, the owner of the property located at at 22803 Seaway, Laguna Niguel, Orange County, CA, 92677 (the "Property"). The property is Plaintiff's family home and has been since 2003.

10. In or around June 2022, Plaintiff obtained a hard-money loan from Defendant DANCO in the amount of $1.2 million. Plaintiff obtained the loan to pay off existing liens on the Property, the proceeds of which were used to pay household needs. DANCO was aware that Plaintiff lived in the property and intended to use the money to pay off mortgages.

11. The Note contained an interest rate of 12.99% and an unlawful default interest rate of 10%. Plaintiff's payments were approximately $12,999 per month, starting in August 2022. The loan was set to mature in December 2022.

12. Plaintiff made all payments in a timely fashion, but with the loan set to mature in December 2022, DANCO arbitrarily demanded $10,000 to extend the maturity date to March 2023.

13. Plaintiff then made payments in a timely fashion again for three more months. Thereafter, DANCO demanded $25,000.00 to extend the loan's maturity date to October 16, 2023.

14. From April to August 2023, Plaintiff fell behind on her monthly payments and Defendant DANCO began assessing a default interest rate of 22.99%.

15. Defendant recorded a Notice of Default (hereafter "NOD") against the Property on May 10, 2023.

16. On August 16, 2023, Defendant recorded a Notice of Trustee's Sale. The NTS states that Plaintiff owes $1,320,470.00, which is overinflated by approximately $145,000.00, including the $35,000.00 Plaintiff paid in extensions that were not applied to the principal.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

17. Since April, Plaintiff has been diligently working with Defendants to waive the inflated amounts and allow her refinance for an appropriate amount. Defendant has refused and arbitrarily demanded another $25,000.00 to stop the sale.

18. There is a trustee's sale scheduled for October 6, 2023, and Plaintiff stands to lose her property due to Defendants' continuous inflated and improper demands. Plaintiff does not dispute that she defaulted on the loan, but alleges that Defendant is charging significant improper amounts and thereby frustrating her repeated efforts to bring the loan current.

## FIRST CAUSE OF ACTION
### Violation of Fair Debt Collections Practices Act

19. Plaintiff incorporated all allegations of this complaint and re-alleged them as they were fully set forth herein.

20. The Fair Debt Collection Practices Act provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any, including use of a false representation of the character, **amoun**t, or legal status of any debt. See 15 U.S.C. § 1692e(2)

21. Pursuant to 15 U.S.C. § 1692a(6), Defendant Danco is a debt collector because it regularly collects or attempst to collect debts owed or due or asserted to be owed or due to another.

22. In the case at hand, Defendant Danco violated the FDCPA by demanding amounts unauthorized by law, as default interest is an unlawful liquidated damage under California Civil Code §1671.

23. Pursuant to 15 U.S.C. § 1692k, Defendant is liable for actual damages, civil penalties in the amount of $1,000, attorney's fees, and costs of court. (Civ. Code § 1788.30; 15 U.S.C. § 1692k(a).)

## SECOND CAUSE OF ACTION
### Violation of Civil Code §1671

24. Plaintiff incorporates all allegations of this complaint and re-alleges them as they were fully set forth herein.

4
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

25. Civil Code § 1671 provides that a liquidated damages provision is either presumptively valid or invalid depending on the subject matter of the contract. If the contract involves the retail purchase or rental of personal property or services primarily for personal, family, or household purposes, or involves a lease of real property for use as a dwelling, then a liquidated damages provision is presumptively void. (Civ. Code § 1671 (c).) The types of contracts described in Civ. Code § 1671 (c) shall be referred to as "consumer contracts."

26. All other contracts, or "non-consumer contracts" presume that a liquidated damages provision as valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made. (Civ. Code § 1671 (d).)

27. Plaintiff's contract is considered a consumer contract since the proceeds were to refinance liens used for household purposes. Therefore, the standard in Civ. Code § 1671 (c) applies.

28. It is the public policy of California that liquidated damages bear a "reasonable relationship" to the actual damages that the parties anticipate would flow from breach; conversely, if the liquidated damages clause fails to so conform, it will be construed as an unenforceable "penalty." (*Garrett v. Coast & Southern Fed. Sav. & Loan Assn*. (1973) 9 Cal.3d 731, 739 (*Garrett*).)

29. In Honchariw v. FJM Private Mortgage Fund, LLC (2022) 83 Cal.App.5th 893, 893 [299 Cal.Rptr.3d 819], the Court held default interest assessed against the entire unpaid principal balance of the loan is an impermissible liquidated damage under Cal. Civ. Code section 1671.

30. As Plaintiff's loan contains an 10% default penalty assessed against the entire unpaid principal balance, the default amounts charged are unlawful pursuant to Cal. Civ. Code section 1671.

5
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

31. Plaintiffs further seek restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

### Violation of Business and Professions Code Section 17200 *et seq.*

32. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

33. Defendants' conduct, as alleged above, constitutes unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq. California Business and Professions Code § 17200 et seq. incorporates and provides a basis for enforcement of violations of other statutes and laws and those violations as a business practice.

34. Specifically, Defendants' violations of the California Civil Code and FDCPA constitute unfair business practices in violation of California Business and Professions Code § 17200 et seq.

35. As a result of Defendants' wrongful conduct, Plaintiff has suffered various injuries according to proof at trial, including but not limited to the imminent loss of property.

36. Plaintiff seeks injunctive relief enjoining Defendant from engaging in the unfair business practices described herein.

37. Plaintiff further seeks costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES

WHEREFORE, Plaintiff AMY HSAIO demands a trial by jury. Plaintiff also prays for judgment and order against Defendants as follows:

1. That judgment is entered in Plaintiffs' favor and against Defendants, and each of them;

2. For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;

3. For a temporary restraining orde and preliminary injunction preventing Defendants, or anyone acting in concert with them, from foreclosing on the loan until an accurate reinstatement quote is generated;

4. For damages, disgorgement, and injunctive relief;

5. For compensatory damages, special damages, damages for emotional distress, attorneys' fees, and costs according to proof at trial;

6. For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct;

7. For such other and further relief as the Court may deem just and proper.

DATED: October 6, 2023

Respectfully submitted,

SHAPERO LAW FIRM

_____/s/ Sarah Shapero_____
Sarah Shapero, Esq.
Jessica Adair, Esq.
Attorneys for Plaintiff
AMY HSAIO

7
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF